The STATE of Ohio, Appellee,

v.

PENIX, a.k.a. Davis, Appellant.

[Cite as *State v. Penix* (1989), 66 Ohio App.3d 671.]

Court of Appeals of Ohio,
Clark County.

No. 2491.

Decided July 6, 1989.

*Stephen A. Schumaker,* Prosecuting Attorney, and *David E. Smith,* for appellee.

*S. Adele Shank,* Assistant Public Defender, for appellant.

WOLFF, Presiding Judge.

Pursuant to *State v. Penix* (1987), 32 Ohio St.3d 369, 513 N.E.2d 744, this case was remanded to the Court of Common Pleas of Clark County for resentencing in accordance with R.C. 2929.06.

The trial court sentenced appellant Penix to life imprisonment with parole eligibility after thirty full years.

Penix has appealed, advancing four assignments of error.

### Assignment of Error No. I

"It is error for a trial court to deny the accused an opportunity to present evidence where on appeal, the accused's death sentence has been reversed for penalty phase error only, and the case has been remanded to the trial court for resentencing pursuant to Ohio Revised Code Section 2929.06."

R.C. 2929.06 provides in part:

"If the sentence of death that is imposed upon any offender is vacated upon appeal * * *, the trial court that sentenced the offender shall conduct a *hearing* to resentence the offender. At the resentencing *hearing,* the court shall sentence the offender to life imprisonment with parole eligibility after serving twenty full years of imprisonment or to life imprisonment with parole eligibility after serving thirty full years of imprisonment." (Emphasis added.)

Penix argues that R.C. 2929.06 mandates an *evidentiary* hearing, conducted pursuant to R.C. 2929.03(D) and (E) by operation of R.C. 2929.-03(C)(2):

"If the indictment or count in the indictment contains one or more specifications of aggravating circumstances listed in division (A) of section 2929.04 of

the Revised Code, and if the offender is found guilty of both the charge and one or more of the specifications, the penalty to be imposed on the offender shall be death, life imprisonment with parole eligibility after serving twenty full years of imprisonment, or life imprisonment with parole eligibility after serving thirty full years of imprisonment, shall be determined pursuant to divisions (D) and (E) of this section, and shall be determined by one of the following:

"(a) By the panel of three judges that tried the offender upon his waiver of the right to trial by jury;

"(b) By the trial jury and the trial judge, if the offender was tried by jury."

We disagree.

When Penix was resentenced by the trial court, he no longer faced the death penalty. By its express terms, R.C. 2929.03(D) is limited to the situation where the offender faces the death penalty: "When *death* may be imposed as a penalty for aggravated murder, the court shall proceed under this division." (Emphasis added.) R.C. 2929.03(D)(1).

R.C. 2929.03(E) deals with underage offenders, and does not apply to Penix, who was eighteen at the time of the offense. This division does, however, support the position of the trial court, and this court, that an *evidentiary* hearing is not contemplated where the offender does not face the death sentence:

"(E) If the offender raised the matter of age at trial pursuant to section 2929.023 of the Revised Code, was convicted of aggravated murder and one or more specifications of an aggravating circumstance listed in division (A) of section 2929.04 of the Revised Code, and was not found at trial to have been eighteen years of age or older at the time of the commission of the offense, the court or the panel of three judges shall not impose a sentence of death on the offender. Instead, the court or panel shall impose one of the following sentences on the offender:

"(1) Life imprisonment with parole eligibility after serving twenty full years of imprisonment;

"(2) Life imprisonment with parole eligibility after serving thirty full years of imprisonment."

Notably lacking from R.C. 2929.03(E) are the elaborate provisions contained in R.C. 2929.03(D)(1) for the evidentiary hearing that is required where the offender faces the death penalty.

Penix appears to concede that the sentencing proceeding complied with Crim.R. 32(A). He contends, however, that R.C. 2929.06 requires more. We reject this contention and overrule the first assignment of error.

Assignment of Error No. II

"The trial court erred to the prejudice of the appellant when it denied his motions for access to materials necessary to the preparation for the sentencing hearing under R.C. 2929.06."

■ The "materials" referred to in this assignment are Penix's juvenile record and trial evidence.

On May 6, 1988, Penix moved as follows:

"Now comes the defendant, Billy Wayne Penix, by and through counsel and moves this court for an order releasing to his attorneys or their agents any and all juvenile records concerning Mr. Penix including:

"(1) Records of the Clark County Juvenile Court

"(2) Juvenile probation reports

"(3) Records of the Ohio Department of Youth Services

"(4) Records of the Clark County Juvenile Detention Home

"(5) Any and all other juvenile records of whatever nature, whether sealed, expunged or public.

"These records are necessary for the preparation for the sentencing hearing in this case. Failure to obtain these records will deny Mr. Penix a fair sentencing proceeding and effective assistance of counsel as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution and may result in the imposition of cruel and unusual punishment as guaranteed by the Eighth Amendment to the United States Constitution, Section 9, Article I of the Ohio Constitution."

On May 18, 1988, Penix moved as follows:

"Now comes the defendant, Billy Wayne Penix, by and through counsel and moves this honorable court for an order permitting the Ohio Public Defender and/or any agents of that office to review the documentary exhibits presented in the previous trial of this matter and that the Ohio Public Defender be provided copies of those items which are deemed necessary to the preparation for the sentencing hearing in this case. The reasons for this motion are set out in the memorandum below.

"Counsel attempted to review these records and on Wednesday, April 27, 1988. Counsel was informed at the time that prior consent by this court and particularly Judge Lorig was required before the records could be reviewed."

On May 23, the trial court scheduled the resentencing proceeding for June 8, 1988, and notified counsel for Penix.

On June 8, 1988, the trial court overruled these motions.

The trial court complied with Crim.R. 32(A)(1). Pursuant to Crim.R. 32.2(A), the trial court is not required to even obtain a presentence investigation and report for a felon unless probation is granted. Nor, for that matter, does R.C. 2929.03(E) require that a presentence investigation and report be made before sentencing.

We are not convinced that Penix could not have obtained these materials had his counsel pursued the motions more aggressively prior to June 8. But putting this thought aside, we are not prepared to say the court erred in denying these motions, given the broad latitude accorded trial judges in the sentencing of felons who do not face the death penalty.

The second assignment of error is overruled.

### Assignment of Error No. III

"The trial court erred to the prejudice of appellant when it denied his motion for appointment of a psychologist under R.C. 2929.024 to assist in his sentencing proceeding under R.C. 2929.06."

■ Assuming, *arguendo*, the applicability of R.C. 2929.024 to an offender who does not face the death penalty, this section clearly implicates the discretion of the trial court in determining whether the services of a psychologist were "reasonably necessary" for Penix's "proper representation."

Given the nature of the proceedings for which the case was remanded to the trial court, we find no abuse of discretion.

The third assignment of error is overruled.

### Assignment of Error No. IV

"Billy Penix was denied the effective assistance of counsel when the trial court refused to provide records, expert assistance, and an evidentiary hearing for his resentencing under R.C. 2929.06."

■ Penix finally contends that the trial court's denial of his motions for evidentiary hearing, juvenile records, trial evidence, and psychological evaluation deprived him of his right to the effective assistance of counsel. Having overruled the first three assignments of error, we perforce conclude that the trial court did not deny Penix the effective assistance of counsel and overrule the fourth assignment of error.

The judgment will be affirmed.

*Judgment affirmed.*

BROGAN and FAIN, JJ., concur.