[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
{¶ 1} Defendant-appellant, Sean M. Steele, appeals from a February 2002 judgment entry by the Franklin County Court of Common Pleas which sentenced appellant to two consecutive terms of 15 years to life incarceration as a result of his conviction on two counts of murder. Appellant's sentencing followed a remand for resentencing from this court in State v. Steele (June 28, 2001), Franklin App. No. 00AP-499.
 {¶ 2} Appellant's conviction stemmed from the August 1999 deaths of Barbara Watkins and her unborn child, determined to be a viable fetus, in woods adjoining the Easton Town Center. Evidence at trial showed that appellant lured Watkins into a secluded area, upon which he not only strangled Watkins, but also dropped a rock on her abdomen, causing the death of the unborn child. The evidence also showed that appellant was the father of the unborn child, and that appellant and Watkins had argued about appellant's responsibility for the child, with appellant's apparent motive for the killings being the stress of the situation and his anger with Watkins for not obtaining an abortion.
 {¶ 3} Appellant was 15 years old at the time of the offenses, and was subject to a bindover proceeding pursuant to R.C. 2151.26(C). After a December 1999 amenability hearing in which the juvenile court reviewed, inter alia, a psychological evaluation of appellant, the court relinquished jurisdiction and transferred appellant for prosecution as an adult. Appellant was convicted in April 2000, and appealed to this court, which affirmed appellant's conviction but found that the trial court neglected to follow sentencing guidelines set forth in R.C. 2929.14
in imposing consecutive sentences. Agreeing with appellant that the trial court did not expressly state specific findings which would have supported its decision to sentence appellant to two consecutive terms, we remanded the matter for resentencing.
 {¶ 4} In its judgment entry on remand, the trial court incorporated by reference two exhibits comprising the court's findings and factual reasons for imposing a consecutive sentence. The exhibits state as follows:
 {¶ 5} "Exhibit A
 {¶ 6} "The statutory findings for maximum and consecutive sentences are present in this case as follows:
 {¶ 7} "1. Less than a maximum consecutive sentence will demean the seriousness of the offender's conduct.
 {¶ 8} "2. Less than a maximum consecutive sentence will not adequately protect the public from future crime by the offender.
 {¶ 9} "3. The defendant committed the worst forms of the offense.
 {¶ 10} "4. The defendant poses the greatest likelihood of committing future crimes.
 {¶ 11} "5. A maximum sentence is necessary to punish the offender for these crimes.
 {¶ 12} "6. A maximum consecutive sentence is not disproportionate to the seriousness of the offender's conduct and the danger the offender poses to the public.
 {¶ 13} "7. The harm caused by the offender's multiple crimes was so great and unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the defendant's conduct.
 {¶ 14} "Exhibit B
 {¶ 15} "Factual Basis for Maximum and consecutive Sentence:
 {¶ 16} "1. These convictions are for offenses of violence.
 {¶ 17} "2. The defendant will commit future crimes upon release from custody and to protect the public it is necessary to incarcerate him as long as possible, and a maximum consecutive sentence is necessary to achieve this purpose.
 {¶ 18} "3. The defendant brutally killed a pregnant minor female, dropped a rock on her torso, struck her neck with a broken bottle, and left her body in an isolated field in the summer heat to decompose.
 {¶ 19} "4. The motive for both murders was because the victim would not obtain an abortion for a child claimed to be the defendants.
 {¶ 20} "5. If the defendant again faces a crisis or serious problem in his life he has shown that he will resort to violence for the solution and a lengthy incarceration from a consecutive sentence is necessary to protect the public from that danger.
 {¶ 21} "6. If the Court imposes a concurrent sentence on the two counts of Murder then there is no punishment for one of the homicides. The Court believes that since two separate victims, the mother and the unborn child were killed, that consecutive sentences are necessary to provide the proper penalty and punishment."
 {¶ 22} Appellant now appeals his sentence, assigning the following as error:
 {¶ 23} "ASSIGNMENT OF ERROR NO. 1:
 {¶ 24} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT OVERRULED DEFENDANT-APPELLANT'S MOTION FOR EXPENSE MONEY FOR AN INDEPENDENT PSYCHOLOGICAL EVALUATION AND VIOLATED THE 5TH AND 14TH AMENDMENTS OF THE CONSTITUTION OF THE UNITED STATES AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.
 {¶ 25} "ASSIGNMENT OF ERROR NO. 2:
 {¶ 26} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN IMPOSING CONSECUTIVE SENTENCES.
 {¶ 27} "ASSIGNMENT OF ERROR NO. 3:
 {¶ 28} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO MAKE FINDINGS JUSTIFIED BY THE RECORD WHICH WOULD PERMIT THE COURT TO IMPOSE CONSECUTIVE SENTENCES."
 {¶ 29} Appellant's first assignment of error claims that the trial court should have granted his motion for a new psychological evaluation to be prepared for the court's use in his resentencing. During a hearing on January 28, 2002, the trial court overruled the motion on the grounds that the remand had been for the sole purpose of eliciting from the trial court an express statement of its findings in support of the consecutive sentences, rather than a de novo consideration of sentencing factors, thus suggesting that it would be inappropriate to supplement the record with additional evidence. In addition, the court stated that the psychological evaluation already in the record would have greater weight than any subsequent report and therefore a second psychological report was not necessary.
 {¶ 30} We agree with the trial court that appellant was not entitled to an additional psychological report prior to resentencing on remand. Our remand order merely stated that the trial court "failed to make the proper findings necessary to support imposition of consecutive sentences." Under these facts, there is no statutory require-ment that the trial court consider newly-obtained evidence, such as psychological reports, when resentencing on remand. Instead, it was within the court's discretion to determine that it could make findings and reach conclusions regarding sentencing based solely upon the record as it existed at the time of the initial sentencing. See State v. Kiefer (Dec. 10, 1993), Portage App. No. 93-P-0005 (even if presentence investigation reports did not contain current information, their use during resentencing does not constitute an abuse of discretion where appellant has opportunity to testify as to mitigating circumstances, and where evidence against appellant during guilt phase of trial was overwhelming); State v. Penix (1989), 66 Ohio App.3d 671 (upon remand for resentencing, where appellant no longer faces the death penalty, decision whether service of a psychologist was reasonably necessary for appellant's proper repre-sentation was within the discretion of the trial court).
 {¶ 31} The relevant time period for doing a psychological evaluation of appellant was as close to the time of the offenses as possible. An evaluation done now might have a different result, since the passage of time and the addition of new experiences and influences have no doubt affected appellant's character. Concluding that the trial court did not abuse its discretion in denying appellant's motion, we overrule appellant's first assignment of error.
 {¶ 32} Appellant's second and third assignments of error, that the trial court erred in imposing consecutive sentences and in failing to make findings justified by the record, are related and will be discussed together.
 {¶ 33} At the time of appellant's sentencing, R.C. 2929.14(E)(4) mandated:
 {¶ 34} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 35} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 36} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 37} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 38} R.C. 2929.14(B) provided at the time of appellant's sentencing:
 {¶ 39} "Except as provided in division (C), (D)(1), (D)(2), (D)(3), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 40} Appellant asserts that the combined effect of his two consecutive sentences will result in a minimum 30 years incarceration, which was an abuse of discretion considering appellant's youth, his lack of a prior record of violence, and his disadvantageous background. Although aware of appellant's history, the trial court chose to give more weight to the brutality of the offenses, to the fact that there were two victims, and to the psychological evaluation which predicted that when again confronted with a crisis or serious problem, appellant likely would act out in a violent manner.
 {¶ 41} The trial court's stated findings justifying imposition of the maximum and consecutive sentences, and the court's stated factual basis for the sentences, are well supported by the record. First, appellant was convicted of killing not one, but two persons, and was properly sentenced on both convictions so as not to demean the seriousness of each separate offense. Testimony presented at trial indicated that appellant had lured Watkins into the wooded area, hit her with a broken bottle, grabbed and choked her when she attempted to flee, and hit her in the head with a rock, after which he dropped a rock on her torso. The trial court was particularly cognizant of the fact that appellant took separate steps to harm both victims individually, and that the death of the unborn child did not result solely from the death of Watkins.
 {¶ 42} The court also noted that appellant left Watkins' body "in an isolated field in the summer heat to decompose," and that appellant's apparent motive was anger with Watkins for refusing to get an abortion. Although appellant emphasizes his youth, his upbringing, and the fact that it was his own confession which allowed the case to be solved, appellant's confession occurred nearly one month after the deaths occurred, and only after appellant was persuaded by relatives that he should come forward.
 {¶ 43} Regarding the trial court's conclusion that appellant likely would resort to violence if again provoked, the record supported the finding that appellant cannot control his behavior and would present a danger to the public. The fact that appellant lacked a prior record of violence does not affect this conclusion because it was possible that learning he had fathered a child at age 15 was, until that point, the most stressful event appellant had encountered. Appellant's brief urges that the deaths were "tragic acts of an immature child" which do not merit the label "worst form of the crime" of murder. It is indeed tragic that two young lives were lost, and a third irrevocably altered by appellant's acts, but this does not change the fact that appellant's temper, his inability to deal with stressful situations, and his initial refusal to admit his crimes render him a danger to society. The trial court could reasonably have concluded that when faced with other stressful events, appellant would react in a similarly violent and dangerous manner, and sentenced him accordingly.
 {¶ 44} Given the evidence before the trial court, we cannot say that the court abused its discretion in concluding that consecutive sentences were merited, and there is every indication that the trial court complied with R.C. 2929.14(B) and (E)(4) in imposing consecutive sentences. The trial court's statements, addressing that the seriousness of the offender's conduct will be demeaned and the public will not be adequately protected from future crime by a shorter sentence, are in compliance with State v. Edmonson (1999), 86 Ohio St.3d 324, 326, which requires the record of the sentencing hearing to "reflect that the court found that either or both of the two statutorily sanctioned reasons [set forth in R.C. 2929.14(B)] for exceeding the minimum term warranted the longer sentence." Thus, appellant's second and third assignments of error are overruled.
 {¶ 45} Having overruled appellant's first, second and third assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas which imposed sentence in this matter.
Judgment affirmed.
PETREE and BROWN, JJ., concur.